**Maria SIEROTOWICZ et al.,**
**Plaintiff–Appellants**

v.

**NEW YORK CITY HOUSING**
**AUTHORITY et al., De-**
**fendant–Appellees.**

**No. 06–2041–cv.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Maria Sierotowicz, pro se, New York, NY, for Appellants.

Donna M. Murphy (Ricardo Elias Morales, Steven J. Rappaport, of counsel), New York City Housing Authority, New York, NY, for Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellants Maria Sierotowicz and Stanislaw Sierotowicz appeal from a March 28, 2006, judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*) dismissing their amended complaint. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We find no error in the district court's ruling dismissing the plaintiffs' assertion of criminal charges, fraud claims, and a *qui tam* action. Furthermore, we see no abuse of discretion in the district court's denial of plaintiffs' request for leave to file a supplemental pleading in light of plaintiffs' prior extensive and multiple pleadings, and also in light of plaintiffs' failure to articulate any non-futile basis for amendment.

■ In addressing plaintiffs' discrimination claims, however, the district court relied on an inappropriate standard. The court concluded that the complaint failed to state a discrimination claim under 12(b)(6) because "there [we]re no factual allegations in the record which can support such a claim." In *Swierkiewicz v. Sorema*

---

* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

*N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court established that, in order to plead discrimination adequately, the plaintiff need not include reference to evidence sufficient to support the claim. The complaint in that case alleged that plaintiff "had been terminated on account of his national origin . . . and . . . age" (together with reference to the events leading to his termination, the relevant dates, ages, and nationalities). *Id.* at 514, 122 S.Ct. 992. The Court ruled that the complaint "easily satisfie[d]" the requirements of Federal Rule of Civil Procedure 8(a), because it gave the defendant "fair notice of what [the plaintiff's] claims [were] and the grounds upon which they rest[ed]." *Id.* Responding to the argument that the allegations of discrimination were "conclusory," the Court noted that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Id.* at 515, 122 S.Ct. 992. We think the same applies to suits alleging prohibited discrimination in administering public housing under Section 8.

█ Although lengthy and confusing, the complaint in this case provides notice to defendants that they are charged with discriminating against the plaintiffs on account of their familial status, gender, and disability. [A 68] ("Alleged discrimination is based . . . upon . . . plaintiff[s'] family composition . . ., gender . . . and plaintiff's previous false record of mental disability." [A 85] "Defendant' NYCHA treated and still does treat her as a disabled person (incompetent)." [A 91] "[D]efendant' NYCHA stereotypes' consideration based on sex, gender, adult children with parents."). Under the standards of *Swierkiewicz*, the complaint adequately pleads a violation of the pertinent anti-discrimination laws. *See* 42 U.S.C. § 3604(b) (making it unlawful "[t]o discriminate against any person in the . . . rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin"); *id.* § 3604(f) (prohibiting discrimination based on a disability); 24 C.F.R. § 982.304 (noting that a recipient of public housing assistance may file a claim for "discrimination because of race, color, religion, sex, national origin, age, familial status or disability"). We therefore vacate the district court's dismissal of the discrimination claims.

For the reasons stated above, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded for further proceedings.